IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JONATHAN MARSHALL
d/b/a MARSHALL'S TRANSPORT                                          PLAINTIFF

v.                         CASE NO. 3:08-CV-00135 BSM

BOUNDS AUTOPLEX, L.L.C.; and
CHRYSLER MOTORS, L.L.C.                                            DEFENDANTS

## ORDER ON MOTION TO DISMISS

Before the court is separate defendant Bounds Autoplex, L.L.C.'s motion to dismiss. Defendant's motion is granted for the reasons set for below.

### I. BACKGROUND

On August 25, 2008, plaintiff Jonathan Marshall, d/b/a Marshall's Transport, ("Marshall") brought a complaint against defendants Bounds Autoplex, L.L.C. ("Bounds"), and Chrysler Motors, L.L.C. ("Chrysler") alleging negligence. Marshall states that Bounds is organized under the laws of Texas and that the principal place of business is located in Livingston, Texas. The complaint alleges in relevant part that Marshall purchased a 3500 Dodge Cab and Chassis Cummins Diesel Tractor from Louis George Motor Company in Osceola, Arkansas on April 18, 2007. On July 6, 2007, Marshall was traveling to Jonesboro, Arkansas to make a delivery when the vehicle began making a "knocking noise" and he discovered that an oil and diesel fuel mix was overflowing from the engine. Upon his determination that the vehicle needed repairs, he drove the vehicle to Bounds, the nearest tractor dealership, to avoid towing fees.

Marshall requested that Chrysler assist him in making his deliveries. Chrysler customer care stated that they could do nothing until Monday, July 9, 2007, but eventually advised that a Cummins diesel mechanic could drive to Bounds and Bounds could contract the warranty work to Cummins in order to get the vehicle working. Shortly thereafter, all of the mechanics at Bounds were pulled off of their jobs and began to work on Marshall's vehicle, but the service department at Bounds stated that they would not be able to fix the leaking injector until the following Monday.

On July 13, 2007, Bounds advised that the vehicle had been repaired and was ready to be picked up. Marshall paid $350.00 to have the vehicle shipped back to Blytheville, Arkansas, and it arrived on July 25, 2008. Marshall noticed that the vehicle was making the same noise it was previously making. He determined that Bounds had not changed the oil after repairing the injector, and thus, the same oil and diesel fuel mix was allowed to recycle through the engine. On July 26, 2007, Marshall contacted Bounds regarding the failure to change the oil and was advised that the oil was not changed because Chrysler would not cover an oil change in the warranty work. A Chrysler customer service representative advised Marshall that it was the service department's responsibility to sell him an oil change when warranty work was being done. Marshall was later advised by the service manager at Morlan Dodge that fuel contamination was the problem with the vehicle, and the fuel should have been the first thing checked by Bounds.

## II.  DISCUSSION

Bounds moves this court to dismiss the complaint against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  "[T]he party asserting jurisdiction bears the burden of establishing a prima facie case."  *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).  "The plaintiff's 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto."  *Id*. (quoting *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070, 1072 (8th Cir. 2004).  "Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts.'"  *Dever*, 380 F.3d at 1072 (quoting *Block Indus., Inc*., 495 F.2d 256, 259 (8th Cir. 1974)).

"To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state."  *Cutler*, 518 F.3d at 585.  "A federal court may exercise jurisdiction 'over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution.'"  *Id*. (quoting *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994)).  Because the Arkansas long-arm statute confers jurisdiction to the fullest constitutional extent, the court need only consider whether the exercise of personal jurisdiction in this case comports with due process.  *Id*.

> Due process requires "minimum contacts" between a non-resident defendant and the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S. Ct. 559, 62

>L.Ed.2d 490 (1980).  The minimum contact inquiry focuses on whether the defendant purposely availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws.
>
>The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).  A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state.  *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 779, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).  The plaintiff must make a prima facie showing, however, that the defendant's contacts were not "random," "fortuitous," or "attenuated."  *Id*. at 774, 104 S.Ct. 1473.  Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

*Id*.

The Eighth Circuit has instructed courts to consider the following factors when resolving a personal jurisdiction inquiry, affording the first three primary importance: "1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interests of the forum state in providing a forum for its residents; and 5) the convenience of the parties." *Id*.

Bounds asserts that it does not transact business in Arkansas and does not have sufficient contacts with Arkansas for this court to exercise personal jurisdiction over it. Additionally, Bounds states that the complaint alleges that all conduct and activities by its employees occurred in Texas.  As a supplement, Bounds submits the affidavit of Brian

Bounds, the principal of Bounds Autoplex, which states that Bounds does not regularly transact any business in Arkansas, has no contacts and does not maintain any offices in Arkansas, has no bank accounts or interest in any assets or property in Arkansas, and is not registered to do business in Arkansas. The affidavit also states that any contact Bounds had with the vehicle at issue occurred at Bounds' dealership in Livingston, Texas.

Marshall asserts that Bounds performed work on his vehicle pursuant to a Chrysler warranty, and thus should reasonably have expected to be subject to personal jurisdiction in the state in which the warranty holder resides. Marshall also asserts that Bounds had substantial contact with him during the time he was in Arkansas and held itself out as a business doing repairs for vehicles such a that owned by him. Marshall further asserts that Bounds operated in interstate commerce by performing work on vehicles from other states.

The court finds that Marshall has failed to submits facts that support the existence of minimum contacts between Bounds and Arkansas such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The uncontroverted statements and affidavit submitted by Bounds demonstrates that Bounds neither purposely availed itself of the privilege of conducting activities within Arkansas or invoked the benefits and protections of its laws. There is no support for a finding of either general or specific jurisdiction in the record. *See, e.g.*, *Charlie Fowler Evangelistic Ass'n v. Cessna Aircraft Co.*, 911 F.2d 1564, 1565-67 (11th Cir. 1990) (holding that Florida court lacked personal jurisdiction over a Mississippi repair company that repaired plaintiff's airplane in Mississippi

when the airplane subsequently crashed in Florida); *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988) (holding that the mere fact that defendant, a Texas repair company, was employed by an insurance company to repair the property of Oklahoma residences does not support personal jurisdiction in Oklahoma). Therefore, the complaint must be dismissed without prejudice as to Bounds.

Accordingly, defendant Bounds Autoplex, L.L.C.'s motion to dismiss (Doc. No. 6) is granted.

IT IS SO ORDERED THIS 5th day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE